United States District Court
Southern District of Texas
**ENTERED**
July 19, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MELISSA A. BERRY SMITH, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-04250 |
| | § | |
| TEXAS CHILDREN'S HOSPITAL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a Motion for Summary Judgment filed by Defendant Texas Children's Hospital ("TCH"). Dkt. 17. Having reviewed the briefing, the record, and the applicable law, I recommend the motion be **GRANTED**.

## BACKGROUND

TCH employed Plaintiff Melissa A. Berry Smith ("Smith") from March 12, 2012, until September 21, 2021. As a condition of her employment, Smith promised to comply with TCH's policies and procedures, including its vaccination policies. Smith understood that failure to comply with TCH's policies and procedures could result in termination.

On August 11, 2021, TCH announced that it was requiring all of its employees to be vaccinated against COVID-19 ("COVID-19 Policy"). TCH required all employees who were not already vaccinated against COVID-19 to receive one dose by 5:00 p.m. on September 21, 2021, and be fully vaccinated by 5:00 p.m. on October 19, 2021.

TCH provided its employees with details on how to request a medical or religious exemption from the COVID-19 Policy. The request form stated: "Please describe your deeply held religious belief, practice or observance that prevents you from taking the COVID-19 vaccine." Dkt. 17-2 at 5. In response, Smith stated: "The COVID-19 vaccine is contradictory to my God given responsibility, right, and

ability to choose such. I have been granted the expectation of free will decisions within my beliefs." *Id.* Although the form provided the option to add attachments, Smith did not provide TCH with any information or documentation regarding her religious belief beyond these two sentences.

TCH formed a committee to review the approximately 480 religious exemption requests it received. Although TCH approved approximately 387 of the religious exemption requests, TCH denied Smith's request. TCH claims it had reason to "question the credibility and sincerity of [Smith]'s exemption request" because Smith "did not include any specific information about the nature of her alleged religious beliefs and how accepting the COVID-19 vaccine would violate any of those alleged religious beliefs." Dkt. 17-3 at 2. On September 21, 2021, TCH terminated Smith for failing to comply with the COVID-19 Policy.

On December 20, 2021, Smith lodged a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that TCH discriminated against her on the basis of religion by denying her COVID-19 religious exemption request and terminating her employment. On September 8, 2022, the EEOC notified Smith via email that it would be dismissing her case and that the "Dismissal and Notice of Right to Sue [NRTS] will be sent in the portal." Dkt. 20-2 at 2. Smith filed this suit against TCH 91 days later, on December 8, 2022. TCH has moved for summary judgment arguing, among other things, that Smith's suit is time-barred.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 484 (5th Cir. 2014) (quotation omitted). The moving party bears the burden of demonstrating a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325

(1986). Once satisfied, the burden shifts to the non-movant to show the existence of a genuine fact issue for trial. *See id.* at 324. "[T]he non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of [her] case for which [she] will bear the burden of proof at trial." *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007) (quotation omitted). I may not make credibility determinations or weigh the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Finally, I "must construe all facts in favor of [Smith] as the non-moving party." *Hebrew v. Tex. Dep't of Crim. Just.*, 80 F.4th 717, 721 (5th Cir. 2023).

## ANALYSIS

TCH argues Smith's suit is time-barred because it was filed one day too late. For the reasons explained below, I agree.

A. **TITLE VII'S 90-DAY FILING REQUIREMENT IS STRICT.**

"Title VII claims must be filed within 90 days of a plaintiff's receipt of the notice of right to sue or the action will be dismissed." *Stokes v. Dolgencorp, Inc.*, 367 F. App'x 545, 547 (5th Cir. 2010) (citing 42 U.S.C. § 2000e–5(f)(1)). The 90-day period "begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant." *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986). "Although filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (quotation omitted). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Id.* "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.* (citing, as but one example, a case in which Title VII claims were dismissed where the "*pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses").

### B.     SMITH ADMITTED THAT SHE RECEIVED HER NOTICE OF RIGHT TO SUE LETTER ON SEPTEMBER 8, 2022.

In preparation for trial, TCH sent Smith written discovery, including 22 requests for admission. Smith's attorneys timely responded to those requests for admission: some were admitted, and some were denied. Important to the instant Motion for Summary Judgment, Smith admitted that she "received the notice of [the] right to sue letter [from the EEOC] on September 8, 2022." Dkt. 17-6 at 3. This admission ends this case.

Federal Rule of Civil Procedure 36 addresses requests for admission. It authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)[1] relating to . . . facts, application of law to facts, or opinions about either." FED. R. CIV. P. 36(a)(1)(A). The purpose of Rule 36 admissions is to narrow the issues before the court and expedite both the discovery process and resolution of the litigation. *See In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). "For Rule 36 to be effective in this regard, litigants must be able to rely on the fact that matters admitted will not later be subject to challenge." *Id.* Thus, Rule 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b).

The Fifth Circuit has recognized that admissions made under Rule 36 "can be an appropriate basis for granting summary judgment." *In re Carney*, 258 F.3d at 420. Because "Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *Id.* Given this directive, it should come as no surprise that the Fifth Circuit has, in the years since *In re Carney*, repeatedly affirmed summary

---

[1] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

judgments on the basis of express or deemed admissions.[2] *See, e.g., Poon-Atkins v. Sappington*, No. 21-60467, 2022 WL 102042, at *1 (5th Cir. Jan. 10, 2022) ("A party who makes an admission, whether express or by default, is bound by that admission for summary judgment purposes—not even contrary evidence can overcome an admission at the summary judgment stage."); *Amador v. Wolfe*, No. 20-50646, 2021 WL 3889305, at *3 (5th Cir. Aug. 30, 2021) (affirming summary judgment based on default admissions because the admitting party "never moved the court to withdraw the admissions"); *Am. Gen. Life Ins. Co. v. Whitaker*, 971 F.3d 539, 541 n.7 (5th Cir. 2020) ("Whitaker urges that her contradictory evidentiary submissions—affidavits and depositions—establish factual disputes; but, because of her admissions, this line of argument falls flat."); *Hernandez v. Smith*, 793 F. App'x 261, 266 (5th Cir. 2019) (affirming summary judgment and holding that "the court correctly deemed that Alejandro admitted to the matters contained in the requests, which makes them 'conclusively established'" (quoting FED. R. CIV. P. 36(b))); *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014) (affirming summary judgment because "an affidavit submitted by the Williamses at summary judgment and averring they had paid their taxes, could not be used to contradict the Rule 36 admissions"); *Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir. 2006) (affirming summary judgment based on deemed admissions).

Smith now contends—in a declaration executed contemporaneously with her summary judgment response—that the September 8, 2022 email from the EEOC "did not contain the Notice of Right to Sue Letter," and that she "was unable to access the portal on September 8, 2022." Dkt. 20-1 at 1. The implication of this declaration is that Smith did not view the letter on September 8, 2022. As discussed, the text of Rule 36 and Fifth Circuit precedent prevent me from considering evidence that contradicts Smith's admissions.

---

[2] In contrast to an express admission, a matter is deemed admitted when a party fails to answer or object to a request for admission. *See* FED. R. CIV. P. 36(a)(3).

A "court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b). Yet, "[e]ven when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *In re Carney*, 258 F.3d at 419. This is all irrelevant, however, because Smith has not moved to withdraw or amend her admissions. Thus, it is "conclusively established," FED. R. CIV. P. 36(b), that Smith "received the notice of [the] right to sue letter . . . on September 8, 2022." Dkt. 17-6 at 3.

Smith filed the instant lawsuit on December 8, 2022, 91 days after she admits having received her Notice of Right to Sue letter. Because she filed her complaint outside the 90-day statutory period, her claims are time-barred. *See Taylor*, 296 F.3d at 380 ("Because Taylor did not file his complaint until January 5, 2001, one day beyond the ninety-day period, the district court properly dismissed his claims as untimely."); *Ringgold*, 796 F.2d at 770 (affirming summary judgment in defendant's favor because "Ringgold's suit, filed 92 days after delivery to his designated counsel of the right-to-sue letter, was untimely").[3]

---

[3] Even if Smith's claims were not time-barred, they would fail because she never demonstrated to TCH, *prior to her termination*, that she held a bona fide religious belief that conflicted with the COVID-19 Policy. A prima facie case of religious discrimination requires a plaintiff to establish that "(1) she held a bona fide religious belief, (2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she suffered an adverse employment action for failing to comply with the conflicting employment requirement." *Davis*, 765 F.3d at 485 (quotation omitted). "Bona fide religious beliefs include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views. A court's inquiry is limited to focusing upon the individual's motivation." *Id.* (cleaned up). Although this inquiry must be handled with a "light touch" and "judicial shyness," *id.* at 487, a plaintiff's beliefs are not unassailable. *See Allen v. Benson*, 691 F. Supp. 3d 746, 761 (E.D. Tex. 2023).

Here, it is unclear how Smith's belief that "[t]he COVID vaccine is contradictory to my God given responsibility, right, and ability to choose such," Dkt. 17-2 at 5, "would not apply to any law, ordinance, and traffic or municipal code that regulates [Smith]'s daily life." *Allen*, 691 F. Supp. 3d at 761. An employee's "expectation of free will," Dkt. 17-2 at

6

### C.  SMITH IS NOT ENTITLED TO EQUITABLE TOLLING.

"The doctrine of equitable tolling preserves a plaintiff's claim when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Instead, I must "draw on general principles to guide when equitable tolling is appropriate." *Id.* "The party who invokes equitable tolling bears the burden of demonstrating that it applies in [her] case." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003). The United States Supreme Court has identified several circumstances in which equitable tolling of the 90-day period might be justified:

> (1) where notice from the EEOC does not adequately inform plaintiff of the requirement that suit be commenced within the statutory period; (2) where a motion for appointment of counsel is pending; (3) where the court itself has led plaintiff to believe that she has satisfied all statutory prerequisites to suit; and (4) where the defendant has, through affirmative misconduct, lulled the plaintiff into inaction.

*Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). While the Fifth Circuit has never suggested that these circumstances are exhaustive, it has repeated the

---

5, "would amount to a blanket privilege and a limitless excuse for avoiding all unwanted obligations." *Allen*, 691 F. Supp. 3d at 761 (cleaned up). The court in *Allen* reluctantly denied defendant's motion to dismiss plaintiff's religious discrimination claim. The instant motion, however, is one for summary judgment, and the logic applies with even greater force, given that it is *Smith's* burden to demonstrate a genuine issue of material fact. Smith's two-sentence statement requesting a religious exemption based on free will was simply insufficient to demonstrate to TCH *prior to her termination* that she held a bona fide religious belief that conflicted with TCH's COVID-19 Policy. Smith's after-the-fact exposition of her religious beliefs in her deposition testimony cannot save her from this inevitable result. *See Nobach v. Woodland Vill. Nursing Ctr., Inc.*, 799 F.3d 374, 379 (5th Cir. 2015) (directing the entry of summary judgment in the employer's favor where the employee "offered no evidence that [her employer] came to know of or suspect her bona-fide religious belief until after she was actually discharged").

Supreme Court's admonition that "[e]quitable tolling is to be applied 'sparingly.'" *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

In this case, Smith offers no argument whatsoever as to why the equitable tolling doctrine should be applied here, and nothing in the record suggests a basis for equitable tolling. Accordingly, I decline to toll the 90-day filing requirement.[4]

## CONCLUSION

For the reasons discussed above, TCH's Motion for Summary Judgment (Dkt. 17) should be **GRANTED**.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 19th day of July 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[4] As an aside, TCH objects to Smith introducing several emails between her and the EEOC because they were not produced in response to TCH's discovery requests. *See* Dkt. 21. TCH's objections are well-taken, but irrelevant because "this evidence does not affect the disposition of the summary judgment motion." *Lilly v. SSC Houston Sw. Operating Co.*, No. 4:20-cv-03478, 2022 WL 35809, at *3 n.2 (S.D. Tex. Jan. 4, 2022). Accordingly, I deny TCH's objections as moot. *See Banks v. Bell Helicopter Textron, Inc.*, No. 4:10-cv-653, 2011 WL 13291576, at *4 (N.D. Tex. Nov. 4, 2011) ("[B]ecause [Defendant] is entitled to judgment as a matter of law even considering the objected-to evidence, the Court overrules [Defendant]'s objections as moot.").